# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40658

United States Court of Appeals
Fifth Circuit

**FILED**
May 14, 2018

Lyle W. Cayce
Clerk

Consolidated with 16-41112

ANTHONY BOYD,

Plaintiff-Appellant

v.

JOE D. DRIVER, Warden, Federal Correctional Institution Three Rivers; PHILLIP CHILDS, Associate Warden, Federal Correctional Institution Three Rivers; MIKE DUNGAN, Associate Warden, Federal Correctional Institution Three Rivers; D. MAUNE, Captain; THOMAS WATSON, Lieutenant; E. THOMPSON, Lieutenant; JOHNNY C. PONCE, Corrections Officer; J. SHIPMAN, Corrections Officer; DAVID CHARO, Corrections Officer; C. SCHMALE, Corrections Officer; RICHARD CASTILLO, Corrections Officer; R. E. TUTTLE, Corrections Officer; ELLIE ANZALDUA, Special Investigations Technician,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 6:06-CV-22

Before ELROD, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40658

Anthony Boyd, federal prisoner # 42603-054, moves for leave to proceed in forma pauperis (IFP) on appeal from the orders and judgment dismissing on summary judgment his *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), suit as well as from the orders denying his various post-judgment motions, including his motions under Federal Rule of Civil Procedure 60(b).   Boyd challenges the district court's denial of his IFP motion on the ground that his appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Our inquiry into Boyd's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).   We need not consider whether a nonfrivolous issue exists regarding the dismissal of those claims not addressed by Boyd. *See* FED. R. APP. P. 28(a)(8); *see Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

We review the district court's summary-judgment dismissal de novo, under the same standards used by the district court.  *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012).  "Summary judgment is proper if the pleadings and evidence show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  *Id.*; *see* FED. R. CIV. P. 56(a).  To overcome summary judgment, Boyd, as the nonmovant, must set forth specific facts showing the existence of a genuine issue for trial. *See* FED. R. CIV. P. 56(c)(1).  All facts and reasonable inferences are construed in Boyd's favor, and the court must not weigh evidence or make credibility determinations. *See Deville v. Marcantel*, 567 F.3d 156, 163-64 (5th Cir. 2009).

No. 16-40658

Nonetheless, Boyd may not rest on mere allegations but must point to specific facts and explain how they support his position. *See Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

In challenging the district court's grant of summary judgment on his claims that the defendants violated his due process rights, and conspired to do so, by tampering with videotape evidence and perjuring themselves at his assault trial, Boyd makes only insufficient, conclusory allegations that the videotape evidence, which is not contained in the record, proves his claims. *See Duffie*, 600 F.3d at 371. As Boyd provides no evidence to support his assertions that the original videotapes, copies of which were provided to him during discovery, have been withheld or lost, the district court did not err in declining to consider as evidence Boyd's description of their contents. *See* FED. R. EVID. 1004. Given Boyd's failure to raise a genuine issue of material fact regarding whether his constitutional rights were violated, the district court did not err in holding that the defendants were entitled to summary judgment based upon qualified immunity. *See Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (holding that when plaintiff fails to show that defendant violated his constitutional rights, "no further inquiry is needed and the defendant is entitled to qualified immunity").

Boyd fails to show that the district court, which previously extended the discovery period to allow Boyd an opportunity to request the original videotapes, abused its discretion by denying his post-judgment motions to reopen discovery. *See In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 370 (5th Cir. 2016). Nor did the district court abuse its discretion by denying Boyd's penultimate Rule 60(b) motion. *See Warfield v. Byron*, 436 F.3d 551, 555 (5th Cir. 2006).

No. 16-40658

Boyd has failed to identify any nonfrivolous issue for appeal, *see Howard*, 707 F.2d at 220, and we therefore dismiss his appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Boyd is cautioned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION AND MOTION FOR REMAND DENIED; MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFS AND LATE REPLY BRIEF GRANTED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.